### SHEAHAN et al. v. MAYER et al.

(Circuit Court of Appeals, Seventh Circuit. April 18, 1923.)

No. 3214.

Patents ☞328—1,212,805, for a reinforced garment, held invalid, and not infringed.

 Newman patent, No. 1,212,805, claim 2, for a reinforced garment, *held* invalid, in view of the prior use of defendants and many other clothing manufacturers of double-thickness seats in boys' trousers, and in view of the still older practice of tailors in blind-stitching inner patches to the exposed fabric of men's unlined trousers and riding breeches.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity for patent infringement by Edward A. Sheahan and others against Jo. Mayer and others. Decree for defendants, and complainants appeal. Affirmed.

Samuel W. Banning, of Chicago, Ill., for appellants.

George T. May, Jr., of Chicago, Ill., for appellees.

Before BAKER and EVANS, Circuit Judges, and WILKERSON, District Judge.

BAKER, Circuit Judge. Appellants failed in their suit to hold appellees for infringement of claim 2 of patent No. 1,212,805, January 16, 1917, to Newman, for a reinforced garment.

Claim 2 reads as follows:

"A garment having a reinforcing patch of the same material applied directly thereto and united to the fabric thereof by closely spaced lines of stitching extending only partially through the exposed fabric of the garment and invisible from the exterior thereof, and forming in effect a fabric of double thickness, and having a lining lapping the edge of the patch and united thereto by stitching, substantially as described."

Before Newman evolved his alleged invention appellees and many other clothing manufacturers had been making boys' trousers with double-thickness seats "having a lining lapping the edge of the patch (the inner layer of the trousers fabric) and united thereto by stitching." This was the very garment for which Newman applied for a patent, except that appellees' "patch" was not "blind-stitched" to the "exposed fabric." But in view of the still older practice of tailors in blind-stitching inner patches to the exposed fabric of men's unlined trousers and riding breeches, the Patent Office, probably without notice of the above-stated prior public uses, erred in attributing inven-

tion to the act of blind-stitching the patch to the outer fabric of the boys' trousers of the prior art.

The decree is affirmed.